UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDY HOPE WILLIAMS, JR., and VONITA CRUZ, | ) ) ) |
| Plaintiffs, | ) ) Case No. 21-cv-5730 |
| v. | ) ) Honorable Sharon Johnson Coleman |
| HEARTLAND REALTY INVESTORS, INC., HEARTLAND WILLOWBROOK, LLC, d/b/a WILLOWBROOK APARTMENT HOMES, and STARR, BEJGIERT, ZINK, and ROWELLS, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Andy Williams and Vonita Cruz bring this lawsuit against Heartland Realty Investors, Inc. and Heartland Willowbrook, LLC, d/b/a Willowbrook Apartment Homes (collectively "Heartland") alleging constitutional violations, along with claims under the Fair Housing Act and Illinois state law. Plaintiffs also bring a claim against Heartland's law firm, Starr, Bejgiert, Zink, and Rowells ("SBZR") under the Fair Dept Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Before the Court is SBZR's motion to dismiss brought pursuant Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants SBZR's motion and dismisses SBZR as a defendant from this lawsuit.

**Background**

Construing their pro se amended complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), plaintiffs allege Heartland unlawfully discriminated against them as tenants of a rental property in Willowbrook, Illinois. In July 2021, Heartland served plaintiffs a "notice of infraction" for their use of a grill on their patio as prohibited by the parties' lease agreement, despite the fact that other Willowbrook tenants had grills on their patios. On August 11, 2021, Heartland

posted a notice of the non-renewal of plaintiffs' lease on their door. The lease expired on November 14, 2021.

In relation to defendant SBZR, plaintiffs allege it is a law firm and that it filed an eviction complaint on behalf Heartland against them in the Circuit Court of Cook County, Illinois on January 24, 2022. Plaintiffs maintain that SBZR violated the FDCPA based on certain misrepresentations it made in the state court eviction action. *See Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016) ("representations may violate § 1692e of the FDCPA even if made in court filings in litigation."). Specifically, plaintiffs argue SBZR violated the FDCPA: (1) by filing the state court eviction complaint misrepresenting that Heartland Realty Investors, Inc. was entitled to possession; (2) by mispresenting SBZR was entitled to attorney's fees for the eviction proceeding; (3) because the filing of the state court eviction complaint violated 735 ILCS 5/2-619(a)(3) because there was "another action pending between the same parties for the same cause;" and (4) by failing to attach the statutorily required notices to the eviction complaint.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

In their amended federal court complaint, plaintiffs brought six counts against SBZR, but in their response brief, plaintiffs state the only cause of action against SBZR is the FDCPA claim as alleged in Count VI. Plaintiffs first allege SBZR violated the FDCPA because it made a misrepresentation on the original state court eviction complaint, namely, that Heartland Realty Investors, Inc. was entitled to possession of the rental property. Plaintiffs support this argument by pointing to the relevant lease that states Heartland Willowbrook, LLC, d/b/a Willowbrook Apartment Homes is the owner of the apartment complex, not Heartland Realty Investors, Inc. Nonetheless, SBZR filed an amended state court eviction complaint naming Heartland Willowbrook, LLC as the proper Heartland ownership entity. Moreover, SBZR attached the parties' management agreement to the amended complaint indicating Heartland Realty Investors, Inc. was Heartland Willowbrook's agent and had the right to enforce compliance with the leases and terminate any tenancy. Simply put, Heartland Realty Investors, Inc. had the authority to bring the state court eviction complaint, as Heartland Willowbrook's agent. Because SBZR did not make a misrepresentation under these circumstances, plaintiffs' first FDCPA argument fails.

Next, plaintiffs contend SBZR violated the FDCPA by mispresenting it was entitled to attorney's fees for the eviction proceeding. Again, the lease agreement, attached to the pleadings, states: "the prevailing party may recover from the non-prevailing party attorney's fees and all other litigation costs to the extent permitted by state law or local ordinance." Plaintiffs' claim based on attorney's fees is therefore without merit.

In addition, plaintiffs maintain SBZR violated the FDCPA because the eviction proceedings contradicted 735 ILCS 2-169(a)(3) based on the present federal lawsuit having the same parties and same cause of action. This lawsuit, however, is not an eviction proceeding, and thus does not fit under Illinois' procedural rules. And, as the Court explained in denying plaintiffs' motion for a

3

temporary restraining order, plaintiffs' state court eviction proceedings are separate from the present federal lawsuit.

Last, plaintiffs argue SBZR violated the FDCPA by failing to attach the required notices to the eviction complaint relying on Illinois Supreme Court Rule 139(b)(1), which states:

> At the time of filing, the plaintiff shall attach a copy of the eviction notice or demand upon which the action is based, including any affidavits or other proof of service, to the eviction complaint. If the plaintiff does not have the eviction notice or demand, the plaintiff may attach an affidavit instead, using the standardized form approved for use by the Illinois Supreme Court.

Here, SBZR attached the December 27, 2021 Demand for Immediate Possession to the original eviction complaint, and thus fulfilled the requirements under Illinois Supreme Court Rule 139(b)(1). Accordingly, plaintiffs' final FDCPA argument has no factual basis.

**Conclusion**

For these reasons, the Court grants defendant Starr, Bejgiert, Zink, and Rowells' motion to dismiss [35] and dismisses Starr, Bejgiert, Zink, and Rowells from this lawsuit.

IT IS SO ORDERED.

Date: 7/27/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge