UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDY HOPE WILLIAMS, JR., and VONITA CRUZ, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 21-cv-5730 |
| v. | ) ) | Honorable Sharon Johnson Coleman |
| HEARTLAND REALTY INVESTORS, INC., HEARTLAND WILLOWBROOK, LLC, d/b/a WILLOWBROOK APARTMENT HOMES, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiffs Andy Williams and Vonita Cruz bring this lawsuit against Heartland Realty Investors, Inc. and Heartland Willowbrook, LLC, d/b/a Willowbrook Apartment Homes (collectively "Heartland") alleging constitutional violations under 42 U.S.C. §§ 1983, 1985(3), along with claims under the Fair Housing Act and Illinois state law.[1] Before the Court is Heartland's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part without prejudice, grants in part with prejudice, and denies defendants' Rule 12(b)(6) motion. The Court further grants plaintiffs leave to file a second amended complaint in accordance with this ruling and their Rule 11(b) obligations.

**Background**

Construing their pro se amended complaint liberally, *see Harris v. United States*, 13 F.4th 623, 627 (7th Cir. 2021), plaintiffs allege the Heartland entities, which are the owner and property manager of rental property in Willowbrook, Illinois, unlawfully discriminated against them as tenants

---

[1] The Court dismissed defendant law firm Starr, Bejgiert, Zink & Rowells from this lawsuit on July 27, 2022. Plaintiffs have filed a motion for reconsideration of the Court's July 27 ruling, that the Court will address in another order.

based on their race and national origin. In July 2021, Heartland served plaintiffs a "notice of infraction" for their use of a grill on their patio as prohibited by the parties' lease agreement, even though other Willowbrook tenants used grills on their patios. On August 11, 2021, Heartland posted a non-renewal notice of plaintiffs' lease on their door. Defendants' alleged basis for the non-renewal of the lease was that plaintiffs had made several domestic calls to the police, along with committing the grill infraction. The lease expired on November 14, 2021, yet plaintiffs did not move out. On January 24, 2022 Heartland filed an eviction complaint in the Circuit Court of Cook County, Illinois.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Fair Housing Act Claims*

In Counts I and II of their amended complaint, plaintiffs bring Fair Housing Act ("FHA") claims based on their national origin and race. Plaintiffs allege that Williams is "Hebrew Israelite" and Cruz is Puerto Rican. The Court conducted legal research to determine whether being "Hebrew

2

Israelite" is a protected class under the FHA and other federal discrimination statutes and has not found any legal authority discussing this issue. Because the Court is granting plaintiffs leave to file a second amended complaint, plaintiffs must allege how Williams is a member of a protected class for purposes of their discrimination claims.

Turning to plaintiffs' FHA claims, in Count I, they allege defendants threatened, intimidated, or otherwise interfered with their exercise and enjoyment of their protected activities under the Fair Housing Act, including interfering with plaintiffs' right to have a grill and to continue their residency. *See* 42 U.S.C. § 3617. In Count II, plaintiffs rely on 42 U.S.C. § 3604(a), which states it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." Plaintiffs also contend defendants retaliated against them in violation of the FHA after plaintiffs questioned management about the July 2021 notice of infraction.

Here, defendants argue their conduct was not motivated by racial animus, but by plaintiffs' failure to obey the lease provisions prohibiting the use of grills and that plaintiffs called the police about domestic disputes. In presenting a motion under Rule 12(b)(6), defendants cannot "attempt to refute the complaint or to present a different set of allegations" because "[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Smith v. Burge*, 222 F.Supp.3d 669, 691 (N.D. Ill. 2016) (St. Eve, J.) (citation omitted). Therefore, defendants' version of the facts does not change the Court's Rule 12(b)(6) analysis.

Defendants also maintain plaintiffs have not adequately alleged specific facts supporting their allegations of race and national origin discrimination. In their response brief, plaintiffs point to their allegations that they were the only Hebrew Israelite and Puerto Rican family in the apartment

3

complex and that defendants treated other tenants differently in relation to the grill infraction. *See Wigginton v. Bank of America Corp.*, 770 F.3d 521, 522 (7th Cir. 2014) ("It does not take much to allege discrimination, but one essential allegation is … that someone else has been treated differently."). Defendants do not address plaintiffs' arguments made in their response brief because defendants did not file a reply brief.

Construing these pro se allegations in plaintiffs' favor, along with allegations that defendants' conduct was harassing and defendants' reason for the grill infraction was factually baseless, plaintiffs have alleged "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The Court denies defendants' motion to dismiss plaintiffs' FHA claims as alleged in Counts I and II.

*Constitutional Claims*

Plaintiffs bring two federal constitutional claims under 42 U.S.C. § 1983 and § 1985(3) against the Heartland entities in Counts III and IV. To bring constitutional claims under § 1983, the defendants must have acted under the color of state law. *See DiDonato v. Panatera*, 24 F.4th 1156, 1159 (7th Cir. 2022). A "defendant acts under the color of state law when he abuses the position given to him by the State." *Id.* at 1159-60 (citation omitted). To clarify, "[b]ecause § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). As plaintiffs tacitly admit, defendants are not government officials, but private companies, which may be considered "state actors" for § 1983 purposes under two circumstances: (1) when the state controls or directs the actions of the private company; and (2) when the state delegates a public function to the private company. *See Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019). Plaintiffs also bring their constitutional claims under 42 U.S.C. § 1985(3), the function of

which "is to permit recovery from a private actor who has conspired with state actors." *Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009).

Under both § 1983 and § 1985(3), plaintiffs must allege that defendants are "state actors" or that defendants conspired with "state actors" to deprive plaintiffs of their constitutional rights. They have failed to do so. Moreover, despite plaintiffs' argument to the contrary, § 1985(3) does not apply to private activity alone. *See Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007). To clarify, plaintiffs' reliance on *Griffin v. Breckenridge*, 403 U.S. 88, 101, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) is misplaced because the *Griffin* Court only extended § 1985(3) to purely private conspiracies if the conspiracy implicated the Thirteenth Amendment's rights to be free of involuntary servitude or to interstate travel. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278, 113 S.Ct. 753, 122 L.Ed.2d 34 (1993); *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1024 n.20 (7th Cir. 2000). Such is not the case here. The Court therefore grants defendants' motion to dismiss Counts III and IV with prejudice because any amendment would be futile.

*Discrimination Claim under 42 U.S.C. § 1981*

Next, in Count V, plaintiffs bring a race discrimination claim under 42 U.S.C. § 1981 based on defendants threatening them with the non-renewal of residency and legal action, as well as demanding that plaintiffs remove their grill—although defendants did not require other residents to do so. Plaintiffs further argue defendants selectively and discriminatorily enforced the terms of the relevant lease agreement based on their race.

In their motion, defendants argue they did not renew the plaintiffs' lease due to the grill infraction and "the frequent police calls to the property." As discussed, that is defendants' version of the events, not plaintiffs' allegations. At this juncture, the Court is required to accept all well-pleaded facts as true and draw all permissible inferences in plaintiffs' favor, especially because they are proceeding pro se. *See Greenpoint Tactical Income Fund LLC v. Pettigrew,* 38 F.4th 555, 561 (7th Cir.

2022). Accordingly, defendants' sole argument concerning Count V does not establish that plaintiffs' § 1981 claim "fails as a matter of law" as defendants argue. The Court denies defendants' motion to dismiss Count V.

*Illinois Claims*

The remainder of plaintiffs' claims are based on Illinois' common law, statutes, and constitution. In Count VII, plaintiffs allege a common law fraud claim, which eventually requires proof of the following elements: (1) a false statement of material fact; (2) defendants' knowledge that the statement was false; (3) defendants' intention to induce plaintiffs to act; (4) plaintiffs' reliance upon the truth of the statement; and (5) damages resulting from such reliance. *See Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1003 (7th Cir. 2018); *Lewis v. Lead Indus. Assoc.*, 178 N.E.3d 1046, 1055–56, 449 Ill.Dec. 195, 204–05, 2020 IL 124107, ¶ 30 (Ill. 2020). In their motion, defendants contend plaintiffs did not adequately allege their fraud claim because they have not alleged that defendants intended to induce them to act or that plaintiffs relied on the false statement.

Under the federal pleading standards and Rule 8(a), plaintiffs need not allege legal elements and facts that correspond to each element. *See Chapman v. Yellow Cab Cooperative*, 875 F.3d 846, 848 (7th Cir. 2017). That said, when alleging fraud, plaintiffs must fulfill the heightened pleading standard set forth in Rule 9(b). *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019). As a practical matter, this means plaintiffs must describe the who, what, where, when, and how of the fraud. *Id.* Plaintiffs have not alleged their fraud claim with this particularity, and thus the Court grants defendants' motion to dismiss Count VI without prejudice. The Court grants plaintiffs leave to amend this claim.

In Count VIII, plaintiffs bring a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*, based on defendants' deceptive conduct in notifying them of the grill infractions. Defendants argue the ICFA does not apply under the

6

circumstances because this case does not implicate consumer protection concerns nor involve trade or commerce. Despite this argument, plaintiffs point to cases where Illinois courts have applied the ICFA to the landlord-tenant relationship. *See Anast v. Commonwealth Apartments*, 956 F.Supp. 792, 802 (N.D. Ill. 1997) (Williams, J.) (collecting cases). In doing so, courts have concluded tenants are consumers for purposes of the ICFA. *See Evergreen Real Estate Services, LLC v. Hanover Ins. Co.*, 142 N.E.3d 880, 886, 436 Ill.Dec. 479, 485, 2019 IL App (1st) 181867, ¶ 24 (1st Dist. 2019); *Fahner v. Testa,* 445 N.E.2d 1249, 1252, 68 Ill.Dec. 396, 399, 112 Ill.App.3d 834, 838 (1st Dist. 1983). Again, defendants do not respond to plaintiffs' argument because they did not file a reply brief to their motion to dismiss. Meanwhile, defendants' consumer nexus argument does not fit the facts of this case because plaintiffs are the actual consumers. *See Liston v. King.com, Ltd.,* 254 F. Supp. 3d 989, 1005 (N.D. Ill. 2017) (Tharp, J.) ("courts have also allowed non-consumers ... to go forward with ICFA claims where they satisfy the 'consumer nexus' test.").

Nonetheless, like fraud claims, ICFA claims based on deceptive conduct must be alleged with particularity under Rule 9(b). *See Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019). Here, plaintiffs did not allege their ICFA claim with the requisite particularity. As such, the Court grants defendants' motion to dismiss Count VIII without prejudice and grants plaintiffs leave to amend their ICFA claim.

Further, in Count IX, plaintiffs allege defendants breached the lease agreement. Defendants respond by arguing that plaintiffs' allegations are conclusory because they merely state:

> Defendants breached the lease by violating the Fair Housing Act by discriminating against the Plaintiff's, and by stating the grills were not allowed when in fact they are, by harassing the Plaintiff's, and failing to renew their lease in retaliation for complaining about the misrepresentation in the Notice of Infraction letter.

(R. 25, Amend. Compl. ¶ 108).

Incorporating the allegations made throughout the amended complaint, plaintiffs have sufficiently stated their breach of contract claim putting defendants' on notice that the breach

involved more than just the grill infraction (which the plaintiffs challenge as factually baseless), but defendants' other conduct. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Defendants' argument based on their version of events is best left for summary judgment. The Court denies defendants' motion to dismiss plaintiffs' breach of contract claim in Count IX.

Plaintiffs next bring a claim based on Illinois' Retaliatory Eviction Act in Count X. "The Retaliatory Eviction Act (765 ILCS 720/1 *et seq.*) prohibits landlords from terminating or refusing to renew a tenant's lease because she complained to governmental authorities about the condition of the leased property." *Lake View Towers Residents Ass'n, Inc. v. Mills*, 2016 IL App (1st) 143621-U, ¶ 39, 2016 WL 2621178, at *8 (1st Dist. 2016). "[R]etaliatory eviction requires that: (1) the tenant made complaints to a governmental authority; (2) violations were found; (3) the landlord was notified of the violations; and (4) the tenancy was terminated solely because of the tenant's complaints." *Bakirdan v. Ferguson*, 2012 IL App (3d) 110004-U, ¶ 24, 2012 WL 7005358, at *3 (3d Dist. 2012).

Reading plaintiffs' complaint broadly, they have not alleged that they complained to any governmental authorities about the conditions of their leased property, such as issues about the building code, health ordinance, or similar regulation. *See* 765 ILS 720/1. Instead, plaintiffs argue they have the First Amendment right to petition the government and contact the police for assistance. Plaintiffs' calls to the police, however, were not in relation to the conditions of their lease, but concerned domestic disputes. Moreover, to plausibly allege a claim under the Retaliatory Eviction Act, plaintiffs needed to allege that after they contacted the governmental entity about their leased property, the governmental entity found violations and that defendants were notified of such.

Plaintiffs have failed to do so. In the end, the facts of this case do not fit the Retaliatory Eviction Act. The Court grants defendants' motion to dismiss Count X with prejudice.

In Count XI of their amended complaint, plaintiffs set forth a due process claim under the Illinois Constitution, Article I, Section 2. In their response brief, plaintiffs agree that this claim should be dismissed. The Court dismisses Count XI with prejudice.

Next, Plaintiffs bring a claim under the Illinois Human Rights Act in Count XII. Defendants argue plaintiffs have failed to exhaust their administrative remedies under the IHRA, which is required before filing an action in court. Plaintiffs, however, are bringing their claim under Article 3 of the IHRA, which pertains to real estate transactions and does not require the exhaustion of administrative remedies. *See* 775 ILCS 5/10-102(A)(1); *Straw v. Streamwood Chamber of Commerce, Inc.*, 2015 IL App (1st) 143094-U, ¶ 23, 2015 WL 5725222, at *5 (1st Dist. 2015) ("a civil action under Article 3 of the Act may be commenced without first exhausting administrative remedies."). The Court denies defendants' motion in this respect.

Last, plaintiffs allege a common law intentional infliction of emotional distress ("IIED") claim in Count XIII. "Under Illinois law, a plaintiff may recover damages for intentional infliction of emotional distress only if she establishes that (1) the defendant's conduct was truly extreme and outrageous; (2) the defendant intended to inflict severe emotional distress; and (3) the defendant's conduct did in fact cause severe emotional distress." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017). "[T]o qualify as outrageous, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Feltmeier v. Feltmeier*, 207 Ill.2d 263, 274, 278 Ill.Dec. 228, 798 N.E.2d 75, 80 (Ill. 2003).

Defendants maintain plaintiffs have failed to sufficiently plead their IIED claim because they have not adequately alleged defendants' conduct was "extreme and outrageous." Plaintiffs, on the other hand, argue they have sufficiently alleged that defendants' conduct was extreme and

outrageous based on defendants' repeated slights and indignities. In making this argument, plaintiffs rely on unreasonable inferences based on defendants' failure to respond to their emails and letters. Plaintiffs further assert that the situation was stressful and that defendants have little regard for the truth. These allegations, alone, do not amount to extreme and outrageous conduct that go beyond all possible bounds of decency. *See Anast,* 956 F.Supp. at 803 (landlord's conduct that included evicting and having mentally-ill tenant arrested, while "most unfortunate ... does not rise to the level of extreme and outrageous"). The Court therefore grants defendants' motion to dismiss Count XIII without prejudice and grants plaintiffs leave to reallege this claim.

In sum, the following claims in plaintiffs' amended complaint have been dismissed with prejudice and are no longer part of this lawsuit: (1) plaintiffs' constitutional claims in Counts III and IV; (2) plaintiffs' Retaliatory Eviction Act claim in Count X; and (3) the due process claim under the Illinois Constitution in Count XI. The Court grants plaintiffs leave to amend the following claims: (1) their common law fraud claim in Count VI; (2) the ICFA claim in Count VIII; and (3) the IIED claim in Count XIII. Finally, plaintiffs need not reallege the following claims: (1) their FHA claims in Counts I and II; (2) their § 1981 claim in Count V; (3) the breach of contract claim in Count IX; and (4) their IHRA claim in Count XII. These claims remain in this lawsuit.

**Conclusion**

For these reasons, the Court grants in part without prejudice, grants in part with prejudice, and denies defendants' Rule 12(b)(6) motion [27]. The Court further grants plaintiffs leave to file a second amended complaint in accordance with this ruling and their Rule 11(b) obligations. Plaintiffs' second amended complaint is due by September 1, 2022.

IT IS SO ORDERED.

Date: 8/1/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge