

FILED

8/31/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AXK

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Andy Hope Williams Jr. *Sui Juris In Propria Persona*; Vonita Cruz *Sui Juris In Propria Persona*; | ) ) ) |
| Plaintiffs | ) Case No. 1: 21-CV-05730 |
| v. | ) |
| | ) Honorable Sharon Johnson Coleman |
| HEARTLAND REALTY INVESTORS, INC.; | ) |
| HEARTLAND WILLOWBROKOK LLC d/b/a | ) Magistrate: Judge Young B. Kim |
| WILLOWBROOK APARTMENT HOMES; | ) |
| STARR, BEJGIERT, ZINK & ROWELLS | ) |
| Defendants. | ) |

**PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

NOW COMES the Plaintiff's, Andy Hope Williams Jr. and Vonita Cruz (Collectively "Plaintiffs")

**I.      INTRODUCTION**

NOW COMES the Plaintiff's, Andy Hope Williams Jr. and Vonita Cruz (Collectively "Plaintiffs") and pursuant to Fed. R. Civ. P. 54(b), respectfully move the Court to enter partial final judgment on Plaintiffs' dismissed claims from their Second Amended Complaint and Jury Trial Demand as well as the dismissal of certain defendants and claims in this matter and expressly determine there is no just reason to delay appeal. [Filing No. 48, 53, 67]

On July 27, 2022, the court entered an order dismissing Starr, Bejgiert, Zink, and Rowells ("SBZR") [Filing No. 48] On August 1, 2022, , the court entered an order dismissing certain claims against Defendants Heartland Realty Investors, Inc. and Heartland Willowbrook, LLC, d/b/a Willowbrook Apartment Homes (collectively "Heartland") [Filing No. 53] On November 4, 2022 the Court entered its Order dismissing with prejudice, certain claims as set forth in Plaintiff's Second Amended Complaint and Jury Trial Demand. [Filing No. 67]. The Court also dismissed Defendants James McCluskey, Illinois Attorney Registration and Disciplinary

1

Commission ("ARDC"), Illinois Department of Financial and Professional Regulation ("IDFPR"), H. William Walter, and Michael Zink. [Filing No. 67]

The claims dismissed with prejudice, by the Court are as follows: 1) 42 U.S.C. 1983 and 42 U.S.C. 1985 (3) against James McCluskey in his individual capacity (Count VI and VII);  2) claims against the Defendants Illinois Attorney Registration and Disciplinary Commission ("ARDC"), and Illinois Department of Financial and Professional Regulation ("IDFPR") for violating the Administrative Procedures Act  and Due Process ((Count IX and X);  3) claim for violations under 42 U.S.C. 1985 (3) against Heartland Willowbrook LLC; Heartland Realty Investors, Inc.; Michael Zinc, James McCluskey; SBZR; and H. William Walter (Count III); 4) claim for violations under 42 U.S.C. 1985 (3) against Heartland Willowbrook LLC; Heartland Realty Investors, Inc. d/b/a Willowbrook Apartment Homes (Count IV); 5) an unfair practice claim under consumer fraud state law claim against Heartland Realty Investors & Heartland Willowbrook LLC d/b/a Willowbrook Apartment Homes (Count XV); 6) claim for violation of Illinois Constitution and 1st Amendment against Heartland Realty Investors & Heartland Willowbrook LLC d/b/a Willowbrook Apartment Homes and H. William Walter (Count VIII); 7) claim for violations of Common Law Fraud and the  Consumer Fraud Act against Heartland Realty Investors & Heartland Willowbrook LLC d/b/a Willowbrook Apartment Homes (Count XII and XIII); and 8) claims for Intentional Infliction of Emotional Distress against Heartland Willowbrook LLC; Heartland Realty Investors, Inc.; Michael Zinc, James McCluskey; SBZR; H. William Walter. (Count XVII).   [Filing No. 48, 53, 67]

Plaintiffs request the issuance of a partial final judgment for their dismissed claims against the defendants as to the counts that were dismissed with prejudice. [Filing No. 67]. On November 29, 2022, Plaintiffs' filed an Amended Claim and Jury Trial Demand [Filing No. 73].

Because there is no just reason for delay of entry of a partial final judgment on Plaintiffs'

dismissed claims pursuant to Fed. R. Civ. P. 54(b), Plaintiffs' move the Court for entry of partial

final judgment on the claims the Court dismissed with prejudice on July 27, 2022, August 1,

2022 and November 4, 2022. [Filing No. 48, 53, 67]

## II.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief – whether
> as a claim, counterclaim, or third-party claim – or when multiple
> parties are involved, the court may direct entry of a final judgment
> as to one or more, but fewer than all, claims or parties only if the
> court expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated, that
> adjudicates fewer than all the claims or the rights and liabilities of
> fewer than all the parties does not end the action as to any of the
> claims or parties and may be revised at any time before the entry of
> a judgment adjudicating all the claims and all the parties' rights
> and liabilities.

Federal Rule of Civil Procedure 54(b) provides that when multiple parties are involved in

an action, the Court can "direct entry of a final judgment as to one or more, but fewer than all,

claims or parties only if the court expressly determines that there is no just reason for delay." The

Seventh Circuit Court of Appeals has "insisted that Rule 54(b) be employed only when the

subjects of the partial judgment do not overlap with those remaining in the district court." *Lottie*

*v. W. Am. Ins. Co., of Ohio Cas. Grp. of Ins. Companies*, 408 F.3d 935, 938-39 (7th Cir. 2005).

"When a case involves more than one claim, Rule 54(b) allows a federal court to direct

entry of a final judgment on 'one or more, but fewer than all, claims,' provided there is no just

reason for delay." *Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.*, 917 F.3d 538, 543 (7th

Cir. 2019) (quoting Fed. R. Civ. P. 54(b)). "A proper Rule 54(b) order requires the district court

to make two determinations: (1) that the order in question was truly a 'final judgment,' and (2) that there is no just reason to delay the appeal of the claim that was 'finally' decided." *Gen. Ins. Co. of Am. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 434-37 (1956)).

**B.    Rule 54(b) Partial Final Judgment Should Be Granted As to Counts VI-X, XII-XIII, and XVII Asserted Against the Defendants Because the Court Dismissed all Claims Brought with Prejudice, Making the Judgment Final, and There is No Just Reason to Delay Immediate Appeal.**

There is no just reason to delay immediate appeal from the dismissal of Counts VI-X, XII-XIII, and XVII because the Seventh Circuit has held that an order that finally disposes of all claims against a party provides independent grounds for a Rule 54(b) final judgment and immediate appeal as to that party. See *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNei*l, 784 F.2d 817, 820 (7th Cir. 1986). An order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties. Id. (citing *Walker v. Maccabees Mutual Life Ins. Co.*, 753 F.2d 599, 601 (7th Cir.1985*); Banque Paribas v. Hamilton Industries Int'l, Inc.,* 767 F.2d 380, 383 (7th Cir.1985)). Given that the Court's November 4, 2022 order disposed, with finality, the Plaintiffs' claims against Defendants James McCluskey, Illinois Attorney Registration and Disciplinary Commission, Illinois Department of Financial and Professional Regulation, H. William Walter, and Michael Zink. the Plaintiffs are entitled to a definitive resolution of their rights against these parties. *Nat'l Metalcrafters*, 784 F.2d at 821.

Accordingly, Plaintiffs' motion to enter partial final judgment as to of Counts VI-X, XII-XIII and XVII brought against Defendants James McCluskey, Illinois Attorney Registration and Disciplinary Commission, Illinois Department of Financial and Professional Regulation, H. William Walter, and Michael Zink must be granted because the Court dismissed

all of these claims and effectively dismissed them as a party and with prejudice.. [Filing No. 67].

     **C.**      **Rule 54(b) Partial Final Judgment Should Be Granted As to Counts III-IV, VIII, XII-XIII, and XV Asserted Against the Defendants Because the Court Dismissed all Claims Brought with Prejudice, Making the Judgment Final, and There is No Just Reason to Delay Immediate Appeal.**

There is no just reason to delay immediate appeal from the dismissal of Counts III-IV, VIII, XII-XIII, and XV against the defendants because the Seventh Circuit has held that an order that finally disposes of all claims against a party provides independent grounds for a Rule 54(b) final judgment and immediate appeal as to that party. See *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNei*l, 784 F.2d 817, 820 (7th Cir. 1986). An order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule even if identical claims remain pending between the remaining parties. Id. (citing *Walker v. Maccabees Mutual Life Ins. Co.*, 753 F.2d 599, 601 (7th Cir.1985*); Banque Paribas v. Hamilton Industries Int'l, Inc.,* 767 F.2d 380, 383 (7th Cir.1985)). Given that the Court's August 1, 2022 and November 4, 2022 order disposed, with finality some of the Plaintiffs' claims against Defendants Heartland Willowbrook LLC; Heartland Realty Investors, Inc. d/b/a Willowbrook Apartment Homes the Plaintiffs are entitled to a definitive resolution of their rights against these parties. *Nat'l Metalcrafters*, 784 F.2d at 821.

As to the "no just reason to delay the appeal" requirement, "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Regarding the judicial system's interests, the "goal … is to prevent 'piece-meal appeals' involving the same facts." *Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.*, 917 F.3d 538, 543 (7th Cir. 2019) (quoting Fed. R. Civ. P. 54(b) *Curtiss-Wright Corp.,* 446 U.S. at 10)).

Accordingly, Plaintiffs' motion to enter partial final judgment as to of Counts III-IV,

VIII, XII-XIII, and XV must be granted because the Court dismissed all of these claims and effectively dismissed them as a prejudice. [Filing No.53 and 67].

### III.     CONCLUSION

In conclusion, Plaintiffs respectfully requests that this Court enter a partial final judgment regarding the Court's July 27, 2022, August 1, 2022 and November 4, 2022 order pursuant to Federal Rule of Civil Procedure 54(b) and make an express written finding that there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b). [Filing No. 48, 53 and 67].

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully requests that this Court enter an order granting all relief requested in Plaintiff's complaint and for such other and further relief this Court deems just.

Dated August 31, 2023.

Respectfully submitted;

By: /s/ Andy Williams Jr.

By: /s/ Vonita Cruz

Andy Hope Williams Jr.                          Vonita Cruz
P.O. Box 681                                    P.O. Box 681
Westmont, IL 60559                              Westmont, IL 60559
630-479-7330                                    312-508-1387
Hope5780@yahoo.com                              vonitacruz@yahoo.com